UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jefri Alberto Osorio Cardenas, | No.  1:26-cv-01721-KES-SKO (HC) |
| Petitioner, | |
| v. | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| Warden, Mesa Verde Detention Center; and Director of San Francisco Field Office, U.S. Immigration and Customs Enforcement, | Doc. 1 |
| Respondents. | |

This habeas action concerns the re-detention of petitioner Jefri Alberto Osorio Cardenas, a non-citizen who was detained and released in 2016 but was recently re-detained.  *See* Docs. 1, 6. Petitioner is proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  *See* Docs. 1, 2.  The Court has previously addressed the legal issues raised by claim one of the petition.  *See, e.g.*, *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025).

1

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition.  Doc. 5.  Respondents argue that this case is distinguishable based on petitioner's criminal history, but they "do not identify other material differences between this case and the Court's prior decisions."  Doc. 6 at 2.  Respondents indicate that in 2019 petitioner was arrested but not convicted for domestic battery, and that he had two convictions in 2025 for driving under the influence of alcohol.  *Id*.  ICE subsequently detained petitioner when he appeared as directed for a check-in appointment.  Doc. 1 at 4.  Respondents do not argue that any prior arrest or conviction shifted the statutory authority to detain petitioner to 8 U.S.C. § 1226(c).  While petitioner's prior convictions may be relevant to an immigration judge's determination at a bond hearing, they do not eliminate petitioner's due process right to such determination.

As respondents have not identified any legal issues in this case that would distinguish it from the Court's prior decisions in *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), and *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), the petition for writ of habeas corpus is GRANTED as to claim one for the reasons addressed above and in those prior orders.[1]

Respondent is ENJOINED AND RESTRAINED from detaining petitioner Jefri Alberto Osorio Cardenas unless the government demonstrates, within fourteen (14) days of the date of this Order, by clear and convincing evidence at a bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

---

[1] The Court need not address petitioner's other claim as petitioner is entitled to the relief he seeks based on the Court's ruling on claim one.

2

The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

Dated:   March 20, 2026

_____
UNITED STATES DISTRICT JUDGE